Newman, J.
It is suggested by counsel for defendant in error that the circuit court did not pass on all the errors alleged in the petition in error in that court, but reversed the case upon the one ground set out in its entry, and that, therefore, a reversal by this court would require the case to be' remanded to the circuit court to pass upon the other alleged errors, as was done in the case of Kramer v. The Toledo & Ohio Central Rd. Co., 53 Ohio St., 436. There it was held that the provisions of Section 6709, Revised Statutes, now Section 12248, General Code, *56 peremptorily require the circuit court to pass upon all the errors assigned. In that case, the judgment of the lower court was reversed upon a ground specifically stated by the circuit court in its entry, and the record affirmatively showed that none of the other assignments of error was passed upon by that court. This court rightly remanded the cause to the circuit court, with instruction to pass upon all the errors assigned. This rule does not apply to the case at bar, for it does not appear affirmatively from the record that all the assignments of error were not considered.
It must be presumed that the circuit court passes upon all assignments in a petition in error prosecuted before it, and that when it reverses a judgment of the court of common pleas it holds all assignments of error to be not well taken, except such as in its mandate may be stated as the basis of its judgment of reversal. This was the holding in the case of Weaver v. C.,S. & H. Ry. Co., 76 Ohio St., 164, and, applying it to the case under consideration here, it follows that the circuit court passed upon all the assignments of error and found but one well taken — the one stated in the entry.
It is conceded by plaintiff in error that the record fails to disclose the facts mentioned by the circuit court in its entry, but it is claimed that the establishment of these facts was not necessary to entitle plaintiff in error to a recovery.
The circuit court reversed the judgment of the common pleas court on authority of Spayne v. King, 4 N. P., 299, affirmed by this court, without opinion, 55 Ohio St., 696. C. J. Spayne was a tenant on the farm of King, who employed Jenkins *57 to labor as hand on the farm and sent him into the family of Spayne to board. Hester C. Spayne, the wife of C. J. Spayne, brought an action against King for the board furnished Jenkins. The first trial of the cause resulted in a verdict for plaintiff, which was set aside, however, and on a second trial there was a recovery by the defendant and a judgment in his favor. This judgment was reversed by the circuit court, which held that the common pleas court erred in charging that plaintiff below, in order that she recover, must prove that Jenkins was in the employ of the defendant during the time she boarded him, that she rendered the services charged for under a special contract with the defendant and.that he agreed to pay her therefor, and that said services were rendered by plaintiff with the consent of her husband and with an understanding between them that the services rendered should be on her own account and that she should receive the compensation therefor.
This court reversed the judgment of the circuit court and affirmed the judgment of the common pleas court, the only question here presented being whether the common pleas court committed error in its charge. We are in full accord with the law announced by the common pleas court, unquestionably applicable to the case then under consideration. But a different state of facts is presented here. The services were not rendered to the decedent by the plaintiff at the home of her husband and were not in the discharge of her domestic duties.
*58 The common-law disability of a married woman in Ohio is abrogated by Section 7999, General Code, where it is provided that a husband or wife may enter into any engagement or transaction with the other, or with any other person, which either might, if unmarried, subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other.
The courts of New York, in considering a statute similar to the Ohio statute, hold that its provisions do not absolve the wife from the duty of rendering to her husband such services in his household as are commonly expected of her, and this court has held that at common law a husband has a right of action against one who wrongfully or through negligence injures his wife to recover for the loss of her services and for his necessary medical, surgical and other expenses in healing her injuries, and that this right is not abrogated or affected by the legislation embraced in Sections 7995 to 8004, General Code. B. & O. Rd. Co. v. Glenn, 66 Ohio St., 395.
The duty of supporting a wife out of his property or by his labor is enjoined upon the husband by the provisions of Section 7999, and the expenses incurred by him in the performance of this legal duty to support her are recoverable in an action for damages on account of injuries sustained by the wife, and there can be a recovery of damages for loss of services to which the husband is legally entitled.
But the services for which a recovery can be had, on account of loss, are confined to those of a do *59 mestic nature, and cannot be extended to include those rendered by the wife outside of the household. In the case before us the services rendered by the wife were not rendered in the household, but at the home of the mother of the husband.
There is a statute in Ohio which makes it an offense for an adult, who is possessed of or able to earn means sufficient therefor, to neglect or refuse to support a parent with necessary shelter, food, care and clothing, in case the parent is destitute of means of subsistence and unable to support himself. It is said that had defendant’s decedent been in need of care and attention, and had she been unable to pay for it, plaintiff’s husband would have been legally bound to give her such care as she might require. This is true, and while the husband would have been legally bound to furnish such care and attention to his mother, under the conditions mentioned, such duty would not have devolved, legally, upon his wife as a part of her domestic duties.
The services rendered by plaintiff in error were rendered at the special instance and request of the decedent, and the decedent thereby obligated herself to pay for such services. It was an arrangement entered into by the wife in her own right, and this she could do under the provisions of Section 7999. It does not appear that the services rendered by the wife in this case in any way interfered with her domestic duties or with the services to which her husband was legally entitled, and we do not see upon what theory consent on the part of the husband was required. Neither was there the *60 necessity of an understanding between plaintiff and her husband that the services rendered should be rendered on her own account and that she should receive the compensation therefor.
To hold that the consent of the husband and an understanding between him and his wife that services rendered by the latter outside of her domestic and household duties should be on her own account are necessary before' she can recover compensation for such services, would nullify the plain' provisions of Section 7999.
We conclude that the circuit court erred in requiring the establishment of the facts to which we have referred; they were wholly unnecessary in this case.
The judgment of the circuit court is reversed and that of the common pleas court affirmed.

Judgment of circuit court reversed and that of common pleas court affirmed.

Nichols, C. J., Shaucic, Johnson, Donahue, Wanamaker and Wilkin, JJ., concur.